
COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER R. SCARPULLA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL DATA SYSTEMS, INC., a Foreign Corporation; and TRANS UNION LLC, a Foreign Limited-Liability Company,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Christopher R. Scarpulla (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendants as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to the Fair Credit Report Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

**II.   JURISDICTION AND VENUE**

    **A.   JURISDICTION OF THE COURT**

    2.   The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

    3.   Plaintiff is a natural person and resident of the State of Nevada and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

    **B.   VENUE**

    4.   Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

**III.   PARTIES**

    5.   Upon information and belief, Defendant, Trans Union LLC (hereinafter "Trans Union" or "Credit Bureau"), is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

    6.   Upon information and belief, Defendant, Trans Union, is a foreign entity licensed in the State of Illinois and registered to do business in Nevada.

    7.   Trans Union is an entity in the business of furnishing credit reports.

    8.   Upon information and belief, Medical Data Systems, Inc. (hereinafter "MDS" or "the Furnisher") is a corporation incorporated under the laws of the State of Florida authorized to do business in the State of Nevada.

    9.   Upon information and belief, MDS is a furnisher of information under 15 U.S.C. § 1681s-2.

**IV.   GENERAL ALLEGATIONS**

    10.   Plaintiff received medical treatment from Spring Valley Medical Center, which account was later, upon information and belief, assigned to MDS (hereinafter the "MDS Debt").

11.    Plaintiff settled the MDS account balance.

12.    Following this issue, the account was paid by Plaintiff.

13.    However, the account reported as an "Open Account" with a "$0" balance.

14.    Plaintiff disputed the issue with the Credit Bureaus, wherein only Transunion continued to incorrectly report the account as Open post-dispute.

15.    MDS furnished false information to the Credit Bureau.

16.    The Credit Bureau and MDS failed to conduct a thorough investigation into this dispute.

**V.    CLAIMS FOR RELIEF**

**A.    FIRST CLAIM FOR RELIEF—AGAINST THE CREDIT BUREAU**

17.    The Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

18.    The Credit Bureau violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

19.    As a result of this conduct, action and inaction of the Credit Bureau, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

20.    The Credit Bureau's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

21.    Plaintiff is entitled to recover costs and attorney fees from the Credit Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**B.**     **SECOND CLAIM FOR RELIEF—AGAINST THE CREDIT BUREAU**

22.     Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

23.     The Credit Bureau violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to MDS; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

24.     As a result of this conduct, action and inaction of the Credit Bureau, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

25.     The Credit Bureau's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

26.     The Plaintiff is entitled to recover costs and attorney fees from the Credit Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**C.**     **THIRD CLAIM FOR RELIEF—AGAINST THE FURNISHER**

27.     Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

28.     MDS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the MDS representation within Plaintiff's credit file the Credit Bureau identified above without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the MDS representation; by failing to review all relevant information

regarding same; by failing to accurately respond to the Credit Bureau; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the MDS Representations to the consumer reporting agencies.

29.     As a result of this conduct, action and inaction of MDS, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

30.     MDS's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

31.     The Plaintiff is entitled to recover costs and attorney fees from MDS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## VI.   <u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants, on all counts, for the following:

1.     Actual damages;

2.     Statutory damages;

3.     Punitive damages;

4.     Costs and reasonable attorney fees;

5.     A trial by jury; and

6.     For such other and further relief as the Court may deem just and proper.

**VII.   <u>JURY DEMAND</u>**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 25th day of February, 2020.

COGBURN LAW


By:___*/s/Erik W. Fox*_____
       Jamie S. Cogburn, Esq.
       Nevada Bar No. 8409
       Erik W. Fox, Esq.
       Nevada Bar No. 8804
       2580 St. Rose Parkway, Suite 330
       Henderson, Nevada 89074
       *Attorneys for Plaintiff*